UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pat Nilsen and John Nesse, *as Trustees of the Carpenters and Joiners Welfare Fund*, and Wayne Nordin and Pat Nilsen, *as Trustees of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund*,<br><br>    Plaintiffs,<br><br>v.<br><br>Top Down Construction LLC, *a/k/a top down construction L.L.C.*,<br><br>    Defendant. | File No. 24-cv-3650 (ECT/LIB)<br><br>**OPINION AND ORDER** |

Amanda R. Cefalu and Matthew David Barron, Reinhart Boerner Van Deuren S.C., Minneapolis, MN, for Plaintiffs Pat Nilsen and John Nesse, as Trustees of the Carpenters and Joiners Welfare Fund, and Wayne Nordin and Pat Nilsen, as Trustees of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund.

Plaintiffs Pat Nilsen and John Nesse, as Trustees of the Carpenters and Joiners Welfare Fund, and Wayne Nordin and Pat Nilsen, as Trustees of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund (collectively, the "Funds"), seek entry of a default judgment against Defendant Top Down Construction LLC ("Top Down"). ECF No. 10. The Funds allege that Top Down breached the terms of a collective bargaining agreement and violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, by failing to submit monthly reports of work performed by its employees and failing to pay required fringe benefit contributions. The judgment the Funds seek would require Top Down to submit the missing reports and would award a

money judgment in a full amount to be determined later. The Funds' motion will be granted in part.[1]

The basic process for determining whether a default judgment should be entered is straightforward. Entry of default means that the "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Mary K. Kane, *Federal Practice and Procedure* § 2688.1 (4th ed. Nov. 2024 Update) (footnotes omitted). Thus, it must first be determined whether the taken-as-true factual allegations of the complaint "constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)). If the taken-as-true allegations of the complaint constitute a legitimate cause of action, then the amount and other terms of the default judgment must be ascertained. *See Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

Start with the factual allegations in the Complaint, which are accepted as true. Plaintiffs Pat Nilsen and John Nesse are trustees and fiduciaries of the Carpenters & Joiners Welfare Fund. Compl. ¶¶ 1, 3. Nilsen and Plaintiff Wayne Nordin are trustees and fiduciaries of the Carpenters & Joiners Apprenticeship and Journeyman Training Trust Fund. *Id.* ¶¶ 2–3. Each of the Funds is "a multi-employer jointly trusteed employee benefit

---

[1] The Clerk properly entered Top Down's default. ECF No. 8. The Summons and Complaint were served on Top Down on October 1, 2024, ECF No. 4, and they have not responded or otherwise appeared. *See generally*, Docket; *see also* Barron Decl. [ECF No. 6] ¶¶ 3–4. The Funds also have served the motion for default judgment and supporting papers on Top Down. ECF Nos. 15–16. A hearing on the motion was held on January 13, 2025. ECF No. 17. Defendants did not appear or otherwise respond.

plan" created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act and administered in accordance with ERISA. Compl. ¶¶ 1–2. Top Down is a Minnesota limited liability company that employs individuals in the construction industry. *Id*. ¶¶ 4–5, 12.

Top Down has entered labor agreements requiring payment of fringe benefit contributions for its employees. *Id*. ¶¶ 5, 10. Specifically, on April 22, 2022, Top Down agreed to be bound by the terms of a Master Agreement between the North Central States Regional Council of Carpenters and the Northern Minnesota Contractors Association/Twin Ports Contractors Association of Minnesota (Locals 361, 606, and 1934) (the "CBA") effective through April 30, 2027. *Id*. ¶¶ 10–11; *see also* Wilson Decl. [ECF No. 13] ¶ 2; ECF No. 13-1. Each of the Funds "is established and operates pursuant to a written agreement and declaration of trust" (collectively, the "Trust Agreements") that are "incorporated by reference into and [are] a material part of the CBA to which [Top Down] agreed to be bound." Compl. ¶ 13. By executing the CBA, Top Down "agreed to adopt the terms of the Trust Agreements under which each Fund is established and governed, thereby ratifying all actions take or to be taken by the trustees in the scope of their authority." *Id*. The CBA and Trust Agreements require Top Down, as a signatory employer, to make monthly fringe benefit contributions to the Funds for each hour worked by covered employees. Compl. ¶ 14; *see* Wilson Decl. ¶ 3. In addition, the CBA and Trust Agreements require Top Down to submit monthly reports to the Funds documenting the number of hours worked for all covered employees, along with payment for the fringe benefit contributions due for that reported month. *See* Compl. ¶¶ 15–16. Employers who

3

do not submit timely reports or make timely contributions are "delinquent." *Id.* ¶ 17. Delinquent employers must pay the Funds liquidated damages equal to 10% of the contributions owed, attorneys' fees, and interest at the rate prescribed under Section 6621 of the Internal Revenue Code. *Id.* ¶ 18; Wilson Decl. ¶¶ 5–6; ECF No. 13-1 Art. 20 ¶¶ (G)–(H); ECF No. 13-2 §§ 4.1(D), (G), (I).

The Funds allege that Top Down submitted a remittance report for work completed in May 2024 showing Top Down owed $6,265.98 for fringe benefit contributions that it failed to pay in a timely manner. Compl. ¶ 20; Wilson Decl. ¶ 9. The Funds allege that Top Down owes the Funds liquidated damages of $626.60 and interest of 7.97% for this specific delinquency. Wilson Decl. ¶ 9. The Funds also allege that Top Down has breached its obligations under the CBA, the Trust Agreements, and Section 515 of ERISA by failing to submit monthly fringe benefit fund reports and contributions for the period beginning in June 2024 through November 2024. Compl. ¶ 19; Wilson Decl. ¶¶ 7, 10. Because the amount of contributions Top Down owes for June 2024 to November 2024 depends on the number of hours worked and reported, the Funds do not allege exactly how much Top Down owes in total. *See* Pls.' Mem. in Supp. [ECF No. 12] at 5; Wilson Decl. ¶ 11.

These taken-as-true allegations establish that Top Down has breached its obligation to pay fringe benefit contributions at least for May 2024, and that it has breached its reporting obligations under the CBA and ERISA beginning in June 2024 through November 2024. Top Down is an employer under ERISA. *See* Compl. ¶¶ 5, 12; 29 U.S.C. § 1002(5) (defining employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan"). ERISA requires

4

Top Down to fulfill its contribution obligations to multiemployer plans "under the terms of the plan or under the terms of a collectively bargained agreement." 29 U.S.C. § 1145. Top Down agreed to be bound by the terms of the CBA. The CBA and Trust Agreements require Top down to submit monthly reports of hours worked. The Funds allege that Top Down has not submitted fringe benefit contributions owed for May 2024, and that it has not submitted monthly hour reports and fringe benefit contributions for the periods from June 2024 to November 2024. Compl. ¶¶ 19–20; Wilson Decl. ¶¶ 9–10. Thus, the Funds' taken-as-true allegations constitute a legitimate cause of action under ERISA and the CBA.

The final step is determining whether the Funds are entitled to the relief they seek. The Funds propose a default judgment that would do four things. First, it would compel Top Down to submit the fringe fund remittance reports due for the months of June 2024 through November 2024, disclosing all covered hours worked by Top Down's employees in accordance with the CBA. Proposed Order [ECF No. 14] at 5. Second, it would award the Funds "unpaid fringe benefit contributions for covered work in May 2024 of $6,265.98, liquidated damages of $626, interest of $333.84 or $1.37 per day, and attorney[s'] fees and costs incurred in collecting the delinquency" pursuant to ERISA and the CBA. *Id*. at 6. Third, it would find Top Down liable to the Fund for "all fringe benefit contributions found to be due and unpaid for June 2024 through November 2024, together with liquidated damages of 10%, interest due on any unpaid contributions, and attorney[s'] fees and costs incurred" in collection. *Id*. Fourth, it would allow the Funds, upon receipt of Top Down's past-due remittance reports, to move for entry of judgment for all unpaid contributions

5

owed pursuant to hours worked from June 2024 through November 2024, including liquidated damages, interest, and additional attorneys' fees and costs. *Id*.

ERISA provides for injunctive relief to enjoin or redress an act or practice that violates the terms of ERISA or a plan governed by it. 29 U.S.C. § 1132(a)(3). A court may also order "other legal or equitable relief." *Id*. § 1132(g)(2)(E). "Injunctive relief requiring a defendant to produce specific records . . . as [the Funds] seek here, is consistent with ERISA." *Raines v. Phoenix Corp*., No. 19-cv-2552 (WMW/KMM), 2020 WL 814189, at *2 (D. Minn. Feb. 19, 2020) (collecting cases). Because the Funds cannot effectively determine Top Down's liability for unpaid contributions from June 2024 to November 2024 without knowing the amount of work performed, it is appropriate to order Top Down to submit the missing monthly reports identified in the complaint and motion papers.

The remainder of the Funds' requested relief will not be granted at this time, nor will a default judgment be entered. "[A] default judgment cannot be entered until the amount of damages has been ascertained." *Hagen*, 205 F.3d at 1042 (citation omitted). As the Funds acknowledge in their brief, the Funds are "unable to calculate or quantify" the total amount of unpaid contributions, liquidated damages, and interest due from June 2024 to November 2024 without Top Down's reports for those periods. Pls.' Mem. in Supp. at 7. In addition, the Funds have not yet submitted the total amount of attorneys' fees and costs incurred to date, nor the fees and costs that it will no doubt incur going forward. The total amount for which Top Down is liable therefore cannot yet be ascertained, and it would be premature to enter a default judgment. *See Phoenix Corp*., 2020 WL 814189, at *2-3;

6

*accord Raines v. Steel Rock Com.*, LLC, No. 20-cv-2124 (ECT/KMM), 2020 WL 8256372, at *2-3 (D. Minn. Dec. 21, 2020).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Plaintiffs' Motion for Default Order and Injunction [ECF No. 10] is **GRANTED IN PART** as follows:

1. Plaintiffs' request for injunctive relief [ECF No. 10] is **GRANTED**;

2. Defendant is liable to the Funds for the unpaid fringe benefit contributions for reported covered work in May 2024 of $6,265.98, liquidated damages of $626, interest of $333.84 or $1.37 per day, and attorneys' fees and costs incurred in collecting the delinquency pursuant to 29 U.S.C. § 1132(a) and (g) and the CBA;

3. Within fourteen (14) days of being served with a copy of this Order, Defendant must submit to Plaintiff complete and accurate monthly fringe benefit report forms for work performed in the months of June 2024 through November 2024.

4. The amount Defendant owes in delinquent contributions, liquidated damages, interest, and reasonable attorneys' fees and costs will be determined as follows:

    a. Upon receiving the missing monthly reports from Defendant, Plaintiffs may file and serve a motion seeking entry of default judgment for all unpaid contributions owed pursuant to hours worked from June 2024 through November 2024, including liquidated damages, interest, and reasonable attorneys' fees and costs (as documented by declaration)

    incurred in collecting the delinquency pursuant to 29 U.S.C. § 1132(a) and (g) and the CBA.

b. Defendant may then file and serve a response within ten (10) days of being served with Plaintiffs' motion.

c. The Court will examine the Parties' submissions and issue an order of judgment. No hearing will be held unless ordered otherwise.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 13, 2025

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court